IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02656-ZLW

KEVIN LYNN REVELS,

    Plaintiff,

v.

MR. BRAD LIVINGSTON, Sued Individually and in his Official Capacity,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 13 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Kevin Lynn Revels appears to be incarcerated in a prison facility in Iowa Park, Texas. On December 7, 2009, Mr. Revels, acting *pro se*, filed a Letter with the Court seeking reconsideration of the Court's January 21, 2009, Order of Dismissal that dismissed the action because Mr. Revels failed to submit a certified copy of his inmate account statement. The Court must construe the Motion liberally because Mr. Revels is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Letter as a Motion to Reconsider and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243.

Mr. Revels' Letter was filed more than ten days after the Court's January 21, 2009, Order of Dismissal. Therefore, the Letter is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Revels failed to cure the deficiencies identified in the December 8, 2008, Order within the time allowed. In the Motion to Reconsider, Mr. Revels asserts that he filed several letters with this Court attempting to show that he requested access to appropriate personnel so that he could "fill out a (6) month I.F.P. statement," but his requests were ignored. Mr. Revels also contends that he sent another suit to this Court on December 15, 2008, along with an in forma pauperis statement and a trust fund account statement, but the suit was dismissed as moot without being filed, because this action was pending. Mr. Revels further contends that the paperwork from the second suit was not returned to him.

First, Mr. Revels' claims are contradictory. He claims that his requests for copies of his account statements were denied, but yet he also claims that he sent a copy of his inmate account statement to the Court on December 18, 2008, in an attempt to file a second law suit. Second, this Court has no record of Mr. Revels filing a law suit other than the instant action. If Mr. Revels submitted a complaint, a motion to proceed pursuant to 28 U.S.C. § 1915, and an account statement to the Court, as he claims he

2

did, a case would have been commenced or the filings would have been placed in this action. An action would not be dismissed without being commenced and entered on the Court Docket. Moreover, Mr. Revels has failed to submit to the Court any correspondence he received from this Court indicating that an alleged action, other than this action, was dismissed by this Court.

Mr. Revels also fails to submit to the Court any verification of his claim that he submitted a request for a certified account statement, but prison staff members refused to acknowledge his request for the statement.

Mr. Revels is well-versed in filing prisoner complaints in a federal court. As of July 17, 2008, the United States District Court for the Southern District of Texas (Southern District of Texas) found that Mr. Revels had filed more than fifty cases in federal courts while he has been incarcerated, many of which have been dismissed as frivolous. **See Revels v. Zamulio, et al.**, No. 08-cv-00124 (S.D. Tex. July 17, 2008). Mr. Revels has been sanctioned by the Southern District of Texas. **See Revels v. Johnson**, No. 00-cv-01112 (S.D. Tex. Apr. 20, 2000) (dismissing the complaint as barred, ordering Mr. Revels to pay the filing fee in full, and instructing the prison to deduct the funds from Mr. Revels' inmate account); **Johns a.k.a. Revels v. Cickrell**, No. 02-cv-00927 (S.D. Tex. Mar. 25, 2002) (finding that Mr. Revels has acted in bad faith by filing a pleading under another name to circumvent the Fifth Circuit's sanction order and sanctioning Mr. Revels in the amount of $100.00); **Revels v. Jones**, No. 06-cv-04118 (S.D. Tex. Jan. 25, 2007) (finding that Mr. Revels has filed at least sixty-six prisoner lawsuits in the federal district courts of Texas, some under an alias and many of which were dismissed as frivolous, directing clerk to return unopened all mail from

plaintiff with the designation "Frivolous Filer, Return to Sender," and sanctioning Mr. Revels in the amount of $300.00). Mr. Revels also has been sanctioned in the United States District Court for the Eastern District of Texas, barring him from filing any new actions until the sanction has been paid. *See Revels v. Johnson*, No. 97-cv-00207 (E.D. Tex. Sept. 17, 1997).

Furthermore, Mr. Revels' claims in the instant action challenge his placement in administrative segregation at the prison facility where he currently is incarcerated in Huntsville, Texas. Mr. Revels' Complaint lacks proper venue and is subject either to a transfer to a proper federal district court or to a dismissal.

Therefore, the Court finds that Mr. Revels has failed to set forth extraordinary circumstances that would justify relief under Rule 60(b). Accordingly, it is

ORDERED that Mr. Revels' December 7, 2009, Letter (Doc. No. 14) is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this 13th day of January, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02656-ZLW

Kevin Lynn Revels
Prisoner No. 654284
2101 FM 369 N
Iowa Park, TX 76367

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/13/10

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk